**COPY**

**KIOMEIRY CSEPES, ESQ.**
Attorney ID#: 067292014
184 South Broad Street
Trenton, NJ 08608
Tel: 609-241-7111
Fax: 609-651-8124
kcsepes@csepeslaw.com
Attorney for Plaintiff(s)

**FILED**

October 3, 2025

SUPERIOR COURT OF NJ
MERCER VICINAGE
FAMILY

|  |  |  |
|---|---|---|
| JAIRON A. RODRIGUEZ PAZ, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | CHANCERY DIVISION-FAMILY PART |
| Plaintiff(s), | : | MERCER COUNTY |
|  | : |  |
| vs. | : | DOCKET NO.: FD-11-223-26 |
|  | : |  |
| MARIA A. PAZ ZUNIGA *AND* SANTOS | : |  |
| A. RODRIGUEZ MARTINEZ, | : | CIVIL ACTION |
|  | : |  |
| Defendant(s), | : | ORDER |
|  | : |  |
| KENETH Y. RODRIGUEZ PAZ, | : |  |
|  | : |  |
| Unemancipated Child |  |  |

**THIS MATTER** having come before the Court on October 3, 2025, before the Honorable Supti Bhattacharya, J.S.C., presiding, on the application of the Plaintiff **JAIRON A. RODRIGUEZ PAZ**, represented by Kiomeiry Csépes, Esq., upon a verified complaint for custody and supported by the attached brief containing arguments of law and fact, and the Court having heard the petition and considered testimony from the Plaintiff, and having found her testimony credible; and for good cause shown therein; and the Court having made the following findings:

1)  The minor, Keneth Y. Rodriguez Paz, was born on October 27, 2004, in Manto, Olancho, Honduras and is under the age of twenty-one;

2)  The minor, Keneth Y. Rodriguez Paz, is unmarried;

3)  This Court finds that Keneth Y. Rodriguez Paz, is unemancipated and in need of a court-ordered custodian because he depends on the plaintiff/petitioner to meet his housing, food, clothing,

Ex D p1

medical, and emotional needs, and he is unemployed and still in school. Since he is unemancipated, he remains dependent on this Court, and this Court must determine an appropriate custodian for him. *See A.E.C. v. P.S.C.*, 453 N.J. Super. 19, 29 (App. Div. 2018) (a declaration of un-emancipation or a custody order would justify the court, in noting, for purposes of a SIJ finding, that the child is 'dependent' on the Court;

4) This Court has jurisdiction under New Jersey law to make judicial determinations about the custody and care of juveniles. Here, the Court has jurisdiction to make a custody determination for Keneth Y. Rodriguez Paz, under N.J.S.A. 9:2-3 and 9:2-4 as well N.J.S.A. 2A:34-53 to 95, the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA") and N.J.S.A. 9:17-B, which allows the Court to take any action it deems appropriate and in the interest of a person under twenty-one (21) years of age. Since Keneth Y. Rodriguez Paz is unemancipated and financially and emotionally dependent on his brother, Plaintiff **JAIRON A. RODRIGUEZ PAZ**, the Court shall retain jurisdiction over this matter, as it is in the best interest of Keneth Y. Rodriguez Paz for it to do so;

5) **KENETH Y. RODRIGUEZ PAZ** is to remain under this Court's jurisdiction until he obtains the age of twenty-one (21) to maintain compliance with 8 C.F.R. § 204.11(c)(5), and New Jersey State Law;

6) **KENETH Y. RODRIGUEZ PAZ** entered the United States on or about April 2022.

7) Reunification between Keneth Y. Rodriguez Paz and Defendant **SANTOS A. RODRIGUEZ MARTINEZ** is not viable due to abandonment and educational neglect under N.J.S.A. 9:6-1. Keneth Y. Rodriguez Paz has been abandoned by **SANTOS A. RODRIGUEZ MARTINEZ**. Defendant has failed to properly care for Keneth Y. Rodriguez Paz since he was a baby and has not financially supported him since he was 10-years old. **SANTOS A. RODRIGUEZ**

MARTINEZ further forced Keneth to quit school at age 12 in order to work and support the family.

8) The Court finds that it is not in the best interest of Keneth Y. Rodriguez Paz to be returned to Honduras. He was abandoned and neglected by **SANTOS A. RODRIGUEZ MARTINEZ**. Keneth Y. Rodriguez Paz would not be safe or cared for if he returned to Honduras as he does not have a safe place or person to care for him and he would not be able to pursue his education, as he is doing here;

9) Additionally, the current conditions of Honduras show that it the country is increasing in crime and suffering from poverty. Plaintiff's own family suffered with this this instability as he was actively being recruited and threatened by a gang. On the other hand, while in his brother's custody, Keneth Y. Rodriguez Paz has been provided with adequate food, shelter, and clothing and given the opportunity to pursue an education in a safe and stable environment and is thus thriving in his care.

10) The Court notices the misspelling of the plaintiff's name throughout the petition and believes those misspellings to be a clerical error. The legal memorandum, plaintiff's certification, and minor's certification, among other documents within the petition, erroneously refers to the plaintiff/petitioner as "Jairo" instead of "Jairon." The plaintiff's name is "Jairon Adiel Rodriguez Paz" as indicated on the petitioner's driver's license.

11) Similarly, this Court notices a minor discrepancy with the defendant father's name. The translated version of the minor's birth certificate spells the father's first name as "Santos Dan," but the untranslated version of the birth certificate spells the father's first name as "Santos Adan." The petition refers to the defendant father as "Santos A. Rodriguez Martinez" in accordance with the

Ex D p 3

untranslated version of the minor's birth certificate. The court believes there may have been a

clerical error with the translation of the birth certificate.

**NOW, THEREFORE, IT IS on this third day of October, 2025,**

**ORDERED** that sole legal custody of Keneth Y. Rodriguez Paz be awarded to the

plaintiff/petitioner biological brother, **JAIRON A. RODRIGUEZ PAZ**.

**SUPTI BHATTACHARYA, J.S.C.**

EaD p4